IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2011 FEB -2 PM 2: 23
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO.: CI- 6:11-cv-173-Orl-35GJK

JAMES R. HARDING,

    Plaintiff,

vs.

UST HOTEL JOINT VENTURE, LTD,
a Florida limited partnership,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JAMES R. HARDING ("HARDING"), by and through his undersigned attorneys, sues UST HOTEL JOINT VENTURE, LTD., a Florida limited partnership ("UST"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and alleges:

### JURISDICTION AND PARTIES

1. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has original jurisdiction over the actions of the Defendant which constitute violations of Title III of the ADA, 42 U.S.C. § 12181 *et seq. See, also,* 28 U.S.C. § 2201 and § 2202.

2. HARDING is an individual and is a resident of the State of Florida. HARDING is a quadriplegic as a result of two separate spinal injuries and is considered a person with a disability under the ADA.

3. UST is a Florida limited partnership which owns real property situated in this Judicial District located at 9801 International Drive, Orlando, Florida 32819, commonly known

as "The Peabody Orlando" ("The Peabody") which is the subject of Defendant's violations under Title III of the ADA. The Peabody completed a 750 room addition in 2010 (the "Peabody 2010 Addition").

4. In August of 2005 Plaintiff had confirmed reservations to utilize The Peabody for a community conference on disabilities. Upon arrival, however, Plaintiff was unable to utilize the property due to a lack of readily achievable accessibility, and thus had to seek housing at an alternative facility to fulfill his reasonable accommodation, consisting of an accessible unit with a roll in shower in a room with a connecting door to a room to be occupied by his personal assistant. Plaintiff sent The Peabody a letter providing The Peabody with specific notice of accessibility challenges within the property, a copy of which is attached hereto as **Exhibit "A"**. The Peabody simply ignored Plaintiff's correspondence, thus evincing a callous disregard for the rights of the disabled to be free from prohibited discrimination, and therefore created unreasonable hardships and additional barriers for the Plaintiff to overcome.

5. Plaintiff visited the Peabody 2010 Addition in November, 2010 and plans to return to the Peabody 2010 Addition to avail himself of the hotel rooms, goods and services and common amenities offered to the public at the property, and to determine whether the property has been made ADA compliant. Plaintiff encountered discriminatory practices and procedure at the property as well as architectural barriers at the subject property which discriminate against him on the basis of his disability and which endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff is additionally a "Tester" for the purpose of asserting his civil rights and monitoring, ensuring and determining whether places of public accommodation are in compliance with the ADA.

2

7. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination and until the Defendant is compelled to comply with the requirements of the ADA. Thus Plaintiff is compelled to seek relief in this action because the Defendant has failed to remove readily achievable barriers and has in fact constructed new barriers on the property which are specifically prohibited under the ADA and related Florida statutes.

8. Defendant owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for compliance with the obligations of the ADA.

9. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in Paragraph 13 of this Complaint.

10. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

11. Plaintiff desires to visit the Peabody 2010 Addition not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff and other persons with significant disabilities are currently unable to avail themselves of goods, services and events hosted within the Defendant's property. For example, the Plaintiff attended the Black & White Gala charity benefit at Defendant's property in 2009, but was unable to stay at Defendant's hotel due to accessibility barriers at the property.

3

12. Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 *et seq.*

**DISCRIMINATORY BARRIERS ENCOUNTERED BY PLAINTIFF**

13. Plaintiff encountered the following discriminatory barriers at The Peabody 2010 Addition during the time of his November, 2010 visit:

(a) Although Plaintiff independently operates a motor vehicle through the use of joy stick mechanism while seated in his wheelchair, Plaintiff is unable to valet park at Port Cochere because the hotel makes no provision for valet parking of a vehicle without a permanent driver's seat. Valets are untrained to handle handicapped vehicles uniquely altered to meet the needs of persons with significant disabilities. This barrier is prohibited by 28 CFR 36.302.

(b) Plaintiff is unable to self park his vehicle at the hotel because self-parking requires the driver of a vehicle to reach and press a button which discharges a parking ticket and signals the gate at the parking garage to open, and there is no mechanism provided for a disabled person to summon assistance from any hotel employee to allow him entry in to the self-park garage, which is itself a violation of 28 CFR 36.302.

(c) While the hotel purports to provide an accessible reception counter, on the day of Plaintiff's visit it was unattended and Plaintiff waited unsuccessfully for assistance from any one of a dozen of hotel employees who observed his situation for in excess of 15 minutes. This is a violation of 28 CFR 36.302. Moreover, the desk surface was used not as a functional open and accessible

desk but as a crowded and cluttered display ledge for hotel marketing and promotional materials in violation of 28 CFR 36.211. The computer serving the accessible reception counter was also inoperable on the date of Plaintiff's visit, thus requiring a hotel employee to use a computer at the main reception desk.

(d) The lobby level restaurant fails to comply with Accessible Route requirements of the ADA for Additions because it provides a platform lift, in violation of 28 CFR 36.402/Appendix A to Part 36, (the "ADAAG") 4.1.3(1) and (5), 4.1.5, and 4.11.3.

(e) Although 28 CFR 402/ADAAG, 9.4 requires 100% of guest rooms, both accessible and non accessible, to provide all doors and doorways allowing passage into and within all sleeping units, including but not limited to connecting room doors with minimum specified clear width, the hotel violates this requirement but failing to meet sufficient door widths in the non accessible units in the Peabody 2010 Addition.

(f) With respect to the Accessible Unit shown to Plaintiff, the entry door has insufficient maneuvering space, in violation of 28 CFR 36.402/ADAAG 9.2.2(3).

(g) With respect to the Accessible Unit shown to Plaintiff, the Bathroom door has insufficient maneuvering space, in violation of 28 CFR 36.402/ADAAG 9.2.2(3).

(h) While guests in non accessible guest rooms are provided the amenity of closet doors, Accessible Units are not provided with closet doors, in violation of 28 CFR 36.202(b)/ADAAG 9.1.4.

(i) While guests in non accessible guest rooms are provided with a spacious and usable vanity counter in the bathroom lavatory, disabled guests in Accessible Units are denied this amenity and are instead provided with a functionally unusable vanity counters, in violation of 28 CFR 36.202(b)/ADAAG 9.1.4.

(j) While the hotel provides designated Accessible Units, it does not disperse such units among the various classes of regular rooms which it offers to non-disabled members of the public, in violation of 28 CFR 36.402/ADAAG 9.1.4.

14. The discriminatory violations described in Paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Further more, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CRF 36.505.

17. Defendant is required to move the existing architectural barriers to individuals with disabilities when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a), in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to required the Defendant to alter The Peabody, 9801 International Drive, Orlando, Florida 32819 to make this facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq..*

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c. An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the American with Disabilities Act.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

**MORGAN & MORGAN, P.A.**
**Business Trial Group**
20 North Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32802
Telephone: 407.849.2972
Facsimile: 407.418.2048

By: _/s/ David S. Oliver_
David S. Oliver
Florida Bar No. 521922
Doliver@BusinessTrialGroup.com
James S. Byrd, Esq.
Florida Bar No. 539104
JByrd@BusinessTrialGroup.com

Dated: February 1, 2011

9